UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JUSTIN M. SCOTT              :
        Plaintiff,     Civil Action
                                 :   No. _____
  v.              :
PUTNAM, LLC D/B/A PUTNAM
INVESTMENTS, PUTNAM INVESTMENTS, :
INC., PUTNAM INVESTMENT
MANAGEMENT, LLC, MARSH &   :
MCLENNAN COMPANIES, INC., JOHN
DOE PLAN ADMINISTRATORS 1-12    :

        Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Putnam Investment Management, LLC and Putnam U.S. Holdings I, LLC (sued herein as Putnam, LLC and Putnam Investments, Inc.) (collectively, the "Putnam Defendants"), and Marsh & McLennan Companies, Inc. ("MMC," and collectively with the Putnam Defendants, the "Defendants"), file this Notice Of Removal to remove this action from the Massachusetts Superior Court in and for Suffolk Country to the United States District Court for the District Of Massachusetts.

As grounds for removal, Defendants state as follows:

## INTRODUCTION

1. Plaintiff Justin M. Scott ("Scott") filed this action on May 12, 2011 in Suffolk County Superior Court, captioned <u>Justin M. Scott v. Putnam, LLC d/b/a Putnam Investments, et al.</u>, Civ. A. No. 11-1802-BLS2. (True and correct copies of the Complaint and Civil Action Cover Sheet filed in state court are attached hereto as Exhibit A). The action was

accepted into the Business Litigation Session by order dated May 19, 2011 (attached hereto as Exhibit B.)

2. The Complaint alleges that Scott was employed by one or more of the Putnam Defendants from 1988 until December 1, 2003. (Compl. ¶¶ 7, 55.) The Complaint also alleges that, during that time, Scott participated in ten retirement, deferred compensation and bonus plans administered by the Putnam Defendants and MMC (the "Plans"). (Id. ¶ 15.) The Complaint purports to identify by name each of the ten Plans. Each of the claims asserted in the Complaint is pled under state law -- for breach of contract (Counts I, II and III), breach of the covenant of good faith and fair dealing (Count IV) and promissory estoppel (Count V) -- and purportedly arises out of Defendants' alleged failure to pay to Scott, following his termination on December 1, 2003 for having engaged in market timing trading in mutual funds that he managed, amounts in the Plans. For example, the Complaint alleges that "Putnam and MMC contracted with Mr. Scott through the Plan Agreements to provide Mr. Scott with certain compensation, deferred compensation, bonuses and retirement benefits in exchange for Mr. Scott's services as an employee of Putnam" (id. ¶ 78), and seeks to recover the balance of each of his Plan accounts under the above state law theories.

**TIMELINESS OF REMOVAL**

3. Scott effected service of process, at the earliest, on or about May 31, 2011. This Notice Of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

4. Under 28 U.S.C. § 1441(b), any claim that "arises under" federal law may be removed. This action arises under federal law, and is subject to removal on the basis of federal question jurisdiction, because certain of the Plans are covered by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, as amended, and Scott's state law claims with regard to these Plans are completely preempted by ERISA.

5. ERISA comprehensively regulates employee pension and welfare plans, and its preemption clause is "conspicuous for its breadth." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). Based upon the comprehensive nature of federal law in the area of employee benefits, courts have held that Congress has "completely pre-empt[ed]" state law claims pertaining to ERISA-covered benefits plans, and that any "complaint raising this select group of claims is necessarily federal in character." E.g., Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).

6. The First Circuit has recognized that ERISA's civil enforcement provisions, 29 U.S.C. §1132(a), establish the basis to remove state law claims addressing ERISA-covered plans: "[U]nder the doctrine of 'complete preemption,' ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), have been interpreted to establish federal removal jurisdiction over any state law claims that in substance seek relief that is otherwise within the scope of those ERISA remedy provisions." Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 59 (1st Cir. 2002).

7. Certain of the Plans as to which Scott seeks recovery are covered by ERISA. These include, without limitation, the following plans (i) the Putnam Profit Sharing Retirement Plan; the (ii) Putnam Executive Deferred Compensation Plan; and the (iii) Putnam, LLC Voluntary Deferral Plan. Putnam's investigation is continuing, and it reserves the right to identify other of the Plans that are ERISA-covered and to seek appropriate relief on that basis.

8. Scott's state law claims to recover amounts in Plans covered by ERISA are preempted. As the Supreme Court has recognized, "a suit by a beneficiary to recover benefits

3

from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA [29 U.S.C. §1132(a)(1)(B)], which provides an <u>exclusive</u> federal cause of action for resolution of such disputes." <u>Metro. Life Ins. Co.</u>, 481 U.S. at 62-63 (emphasis added).

9. Removal is proper where less than all of the plans may be covered by ERISA. As the First Circuit has stated: "[A]ny of [Plaintiff's] claims, if completely preempted, can support removal of the entire action: the rest can be removed as provisionally within a federal court's supplemental jurisdiction." <u>Negron-Fuentes v. UPS Supply Chain Solutions</u>, 532 F.3d 1, 7 (1st Cir. 2008).

### **VENUE IS PROPER IN THIS DISTRICT**

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because this District is the "district and division embracing" Suffolk County, Massachusetts. 28 U.S.C. § 101.

### **NOTICE AND RESERVATION OF RIGHTS**

11. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A-C are copies of all process, pleadings and orders served upon the Defendants in the state court action.

12. Defendants will promptly file a copy of this Notice Of Removal with the Clerk of the Superior Court Department of the Trial Court, Suffolk County, Commonwealth of Massachusetts, where this action has been pending, and will serve such notice on all other parties. 28 U.S.C. §§ 1446 (a), (d).

13. Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within 28 days.

14.     By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving their rights to raise any defenses and/or grounds for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure, or otherwise, including without limitation personal jurisdiction.

15.     All Defendants join in removal of this action to this Court.

WHEREFORE, Defendants remove this action to the United States District Court for the District of Massachusetts.

Dated:  June 16, 2011
        Boston, Massachusetts

Respectfully submitted,

 /s/ James R. Carroll
James R. Carroll (BBO #554426)
Peter Simshauser (BBO #665153)
Eben P. Colby (BBO #651456)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
Email: james.carroll@skadden.com

Counsel for Defendants Putnam Investment Management, LLC, Putnam U.S. Holdings I, LLC and Marsh & McLennan Companies

**CERTIFICATE OF SERVICE**

I, James R. Carroll, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on June 16, 2011.

Dated:  June 16, 2011

 /s/ James R. Carroll
James R. Carroll