UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUSTIN M. SCOTT                                        :

             Plaintiff,          :     Civil Action
                              No. 11-11082-RWZ

     v.                                   :

PUTNAM, LLC D/B/A PUTNAM           :     **JURY TRIAL DEMANDED**
INVESTMENTS, PUTNAM INVESTMENTS,
INC., PUTNAM INVESTMENT            :
MANAGEMENT, LLC, MARSH &
MCLENNAN COMPANIES, INC., JOHN     :
DOE PLAN ADMINISTRATORS 1-12,
                                :

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PUTNAM INVESTMENT MANAGEMENT,      :
LLC, PUTNAM U.S. HOLDINGS I, LLC and
MARSH & MCLENNAN COMPANIES, INC.   :

           Counterclaim-Plaintiffs,   :

     v.                                   :

JUSTIN M. SCOTT                                        :

           Counterclaim-Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER, AFFIRMATIVE DEFENSES AND
## COUNTERCLAIMS OF MARSH & MCLENNAN COMPANIES, INC.

## COUNTERCLAIMS

      Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Counterclaim-

Plaintiff Marsh & McLennan Companies, Inc. ("MMC"), by its undersigned counsel,

counterclaims upon knowledge as to itself and otherwise upon information and belief as follows:

**Introduction**

1.     These counterclaims seek relief based upon breaches of fiduciary duty by Justin Scott, a former senior mutual fund portfolio manager at Counterclaim-Plaintiff Putnam Investment Management, LLC ("Putnam," together with Counterclaim-Plaintiff Putnam U.S. Holdings I, LLC, the "Putnam Entities"), which are described in detail in the Answer, Affirmative Defenses And Counterclaims filed by the Putnam Entities on August 10, 2011 (the "Putnam Counterclaims," ECF No. 16).

2.     MMC's counterclaims arise out of the same facts and circumstances alleged in the Putnam Counterclaims.  To avoid repetition, MMC expressly adopts by reference, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the pertinent allegations of the Putnam Counterclaims as if fully set forth herein.

3.     By these counterclaims, MMC seeks a declaratory judgment that Scott has forfeited the balances in two MMC deferred compensation plans that, in addition to several plans sponsored by the Putnam Entities, are the subject of his Second Amended Complaint.  Forfeiture is appropriate as a matter of law and pursuant to the MMC plans' terms.

**Parties**

4.     Counterclaim-Plaintiff Marsh & McLennan Companies, Inc. ("MMC") is a Delaware corporation, and its principal place of business is 1166 Avenue of the Americas, New York, New York.  At all relevant times, until August 3, 2007, MMC was the ultimate corporate parent of the Putnam Entities.

5.     Counterclaim-Defendant Justin M. Scott formerly was employed as a portfolio manager by Putnam, as described in the Putnam Counterclaims.  On information and belief, Scott resides in Greenwich, Connecticut and Marblehead, Massachusetts.

**Jurisdiction And Venue**

6.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a), because they arise out of the transaction or occurrence that is the subject matter of Scott's claim and must be brought in this action in accordance with Federal Rule of Civil Procedure 13(a).  In particular, Scott contends that he is entitled to amounts of deferred compensation withheld from him after he was terminated for market timing in Putnam funds, and MMC is counterclaiming to obtain a determination that, because of such market timing, Scott is not entitled to these or any other amounts.

7.      This Court has personal jurisdiction over Scott because he commenced this action in this district.

8.      Venue for these Counterclaims is proper within this district because the Counterclaims arise from the facts and circumstances alleged in the Second Amended Complaint filed in this district.

**Factual Allegations**

9.      Pursuant to Fed. R. Civ. P. 10(c), MMC adopts by reference the allegations contained in Paragraphs 1 through 43 of the Putnam Counterclaims, as if fully set forth herein.  These allegations describe how Scott engaged in dozens of rapid in-and-out trades, later known as market timing, many of which involved enormous sums and were made in the very Putnam funds that Scott managed.  These improper trades were a knowing effort by Scott to enrich himself at the expense of the shareholders of Putnam mutual funds and in violation of his fiduciary duties.  In addition to their other counterclaims seeking recovery for Scott's breaches of fiduciary duty, the Putnam Entities seek a declaratory judgment that Scott has forfeited the balances in eight deferred compensation and retirement plans that they sponsored.

10.     While employed at Putnam, Scott also participated in two MMC-sponsored deferred compensation and retirement plans, the Marsh & McLennan Companies, Inc. 2000 Employee Incentive and Stock Award Plan (the "MMC Stock Plan"), and the Marsh & McLennan Companies, Inc. U.S. Employee Cash Bonus Award Voluntary Deferral Plan (the "MMC Voluntary Deferral Plan").

## COUNT I

**(Declaratory Judgment Counterclaim For Forfeiture Of Deferred Compensation Plan Balance In The MMC Stock Plan)**

11.     MMC incorporates its allegations contained in the paragraphs above as if fully set forth herein.

12.     The MMC Stock Plan states that restricted stock (and any accrued but unpaid dividends) and deferred stock are forfeited upon termination of employment as provided in the award agreements.  The applicable terms and conditions provide for forfeiture if an employee was terminated for "willful misconduct in the performance of your duties."  (§ IV(A).)

13.     Under the terms of the MMC Stock Plan, the MMC Stock Plan Committee had sole discretion to interpret and apply its terms.

14.     Scott's market timing in his own accounts, at the expense of Putnam mutual fund shareholders, constituted willful misconduct.

15.     Accordingly, MMC seeks a declaratory judgment that Scott's balance in the MMC Stock Plan is forfeited consistent with its terms because he engaged in "willful misconduct."

## COUNT II

### (Declaratory Judgment Counterclaim For Forfeiture Of MMC Deferred Compensation Plan Balances Under The Doctrine Of Equitable Forfeiture)

16.     MMC incorporates its allegations contained in the paragraphs above as if fully set forth herein.

17.     As a highly-compensated portfolio manager entrusted to manage the money of millions of individuals and institutional investors who invested in Putnam mutual funds, Scott occupied a position of trust and confidence at Putnam.

18.     By virtue of his position of trust and confidence at Putnam, Scott owed a duty of loyalty to Putnam and was obligated to protect Putnam's interests.

19.     Scott's market timing, described above, constituted a breach of his duty of loyalty by knowingly pursuing personal profit at the expense of Putnam and its mutual fund shareholders.

20.     Therefore, Scott is not entitled, under the doctrine of equitable forfeiture, to retain or receive compensation from Putnam or MMC, including balances in any deferred compensation and retirement plans in which he participated by virtue of his employment at Putnam, including without limitation the MMC Stock Plan and the MMC Voluntary Deferral Plan.

21.     Accordingly, MMC seeks a declaratory judgment that Scott's balances in the MMC Stock Plan and the MMC Voluntary Deferral Plan are forfeited under the doctrine of equitable forfeiture.

## JURY DEMAND

MMC demands a trial by jury on all claims so triable.

## RELIEF REQUESTED

WHEREFORE, with respect to its Counterclaims, MMC respectfully requests that this Court:

(a)       Grant MMC judgment on each of its Counterclaims;

(b)       Declare that Scott's balance under the MMC Stock Plan is forfeited, consistent with the applicable plan terms;

(c)       Declare that, under the doctrine of equitable forfeiture, Scott is not entitled to retain or receive balances in either the MMC Stock Plan or the MMC Voluntary Deferral Plan;

(d)       Award MMC prejudgment interest and the costs of suit herein; and

(e)       Grant MMC such other further relief as the Court deems just and proper.

## ANSWER

Having stated its Counterclaims, MMC answers the Second Amended Complaint And Jury Demand (the "Complaint") upon knowledge as to itself and otherwise upon information and belief as follows:

The first three unnumbered paragraphs of the Complaint are introductory, descriptive, and conclusory in nature, and are in violation of Federal Rule of Civil Procedure 10(b) (requiring that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances"), and no response is required; if a response is required, MMC denies that it has wrongfully withheld any of Plaintiff's earned compensation or breached any contractual or other legal obligation or duty to Plaintiff, or that it is liable to Plaintiff in any amount or at all; and MMC avers that Plaintiff is liable as alleged in the Counterclaims filed herewith.

1.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 1.

2.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 2.

3.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 3.

4.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 4.

5.      MMC denies the allegations of Paragraph 5, except that it admits that Defendant Marsh & McLennan Companies, Inc. ("MMC") is a Delaware corporation having its principal place of business at 1166 Avenue of the Americas, New York, New York.

6.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 6.

7.      The allegations of Paragraph 7 are descriptive only and no response is required.

8.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 8.

9.      MMC has insufficient knowledge to admit or deny the allegations of Paragraph 9.

10.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 10.

11.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 11.

12.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 12.

13.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 13.

14.     MMC denies the allegations of Paragraph 14.

15.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 15.

16.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 16, except that it admits that Plaintiff participated in: (ix) the Marsh & McLennan Companies, Inc. 2000 Employee Incentive and Stock Award Plan; and (x) the Marsh & McLennan Companies, Inc. U.S. Employee Cash Bonus Award Voluntary Deferral Plan.

17.     The first, second and third sentences of Paragraph 17 purport to characterize the MMC 2000 Employee Incentive and Stock Award Plan and the Putnam Investments Trust Equity Partnership Plan, and MMC refers to those plans for their content. MMC has insufficient knowledge to admit or deny the allegations of Paragraph 17, except that it admits that the fourth sentence of Paragraph 17 purports to characterize the terms of a January 2002 memorandum issued by Lawrence Lasser, and MMC refers to that memorandum for its content.

18.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 18.

19.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 19.

20.     The allegations of the first sentence of Paragraph 20 purport to characterize the Putnam, LLC Voluntary Deferral Plan and the MMC Cash Bonus Award Voluntary Deferral Plan, and MMC refers to those plans for their content.  MMC has insufficient knowledge to admit or deny the allegations of the second sentence of Paragraph 20.

21.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 21.

22.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 22.

23.     The allegations of Paragraph 23 are legal conclusions to which no response is required.  To the extent that the Complaint purports to characterize the content of one or more of the deferred compensation plans sponsored by the Defendants, MMC refers to those plans for their stated terms.

24.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required; if a response is required, MMC denies the allegations of Paragraph 25.  To the extent that the allegations of Paragraph 25 purport to characterize the content of one or more of the deferred compensation plans sponsored by the Defendants, MMC refers to those plans for their stated terms.

26.     The first, second and fourth sentences of Paragraph 26 purport to characterize the content of one or more of the deferred compensation plans sponsored by the Defendants, MMC refers to those plans for their stated terms.  MMC denies the allegations of the

third sentence of Paragraph 26, except that it admits that in certain instances administrative personnel processed allocation requests.

27.     Paragraph 27 contains legal conclusions to which no response is required; if a response is required, MMC denies the allegations of Paragraph 27.  To the extent that the allegations of Paragraph 27 purport to characterize the content of one or more of the deferred compensation plans sponsored by the Defendants, MMC refers to those plans for their stated terms.

28.     MMC admits the allegations of the first sentence of Paragraph 28.  MMC denies the allegations of the second and third sentences of Paragraph 28, except that, to the extent that these allegations purport to characterize the terms of notices sent in 1997, MMC refers to those notices for their content.  MMC has insufficient knowledge to admit or deny the allegations of the fourth sentence of Paragraph 28.

29.     MMC denies the allegations of Paragraph 29, except that it admits that while Plaintiff was employed by Putnam, he engaged in dozens of short-term in-and-out trades, of very large sums, including many in funds he managed.

30.     MMC denies the allegations of Paragraph 30, except that it has insufficient knowledge to admit or deny the allegations of the fifth sentence of Paragraph 30.

31.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 31.

32.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 32.

33.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 33.

34.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 34.

35.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 35.

36.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 36.

37.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 37.

38.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 38.

39.     MMC admits the allegations of the first sentence of Paragraph 39.  MMC has insufficient knowledge to admit or deny the allegations of the second and third sentences of Paragraph 39.

40.     MMC admits the allegations of Paragraph 40.

41.     MMC admits the allegations of Paragraph 41.

42.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 42.

43.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 43.

44.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 44.

45.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 45.

46.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 46.

47.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 47.

48.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 48.

49.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 49.

50.     MMC has insufficient knowledge to admit or deny the allegations of the first sentences of Paragraph 50, except that it admits that on October 28, 2003, the Securities and Exchange Commission commenced a civil administrative and cease and desist proceeding against Putnam, and on October 28, 2003, the Massachusetts Secretary of the Commonwealth commenced a civil administrative proceeding against Putnam. The remaining allegations of Paragraph 50 purport to characterize documents filed in the above proceedings, and MMC refers to such filings for their content.

51.     MMC admits the allegations of the first sentence of Paragraph 51.  MMC denies the allegations of the second sentence of Paragraph 51.

52.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 52.

53.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 53.

54.   MMC denies the allegations of Paragraph 54, except that it admits that Charles E. Haldeman was named president and chief executive officer of Putnam Investments LLC on November 3, 2003, succeeding Lawrence J. Lasser.

55.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 55.

56.   MMC denies the allegations of the first sentence of Paragraph 56, except that it admits that Plaintiff was terminated on December 1, 2003.  MMC denies the allegations of the second sentence of Paragraph 56, except that it admits that Putnam's Managing Director of Human Resources sent a letter to Plaintiff, and, to the extent that this sentence purports to characterize the termination letter, MMC refers to that letter for its content.

57.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 57.

58.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 58.

59.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 59.

60.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 60.

61.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 61.

62.   MMC has insufficient knowledge to admit or deny the allegations of Paragraph 62.

63.     The allegations of Paragraph 63 contain legal conclusions to which no response is required; if a response is required, MMC denies the allegations as they relate to Plaintiff.

64.     The allegations of Paragraph 64 contain legal conclusions to which no response is required; if a response is required, MMC denies the allegations.

65.     MMC has insufficient knowledge to admit or deny the allegations of the first or fourth sentences of Paragraph 65.  MMC denies the remaining allegations of the second sentence of Paragraph 65, except that to the extent that these allegations purport to characterize the content of one or more of the deferred compensation plans sponsored by the Defendants, MMC refers to those plans for their stated terms.

66.     MMC denies the allegations of Paragraph 66.

67.     MMC denies the allegations of Paragraph 67, except admits that Plaintiff, another former Putnam employee, Putnam, LLC and MMC entered into a Mutual Tolling Agreement, which was terminated on December 21, 2010, and to the extent that these allegations purport to characterize the content the Mutual Tolling Agreement, MMC refers to that agreement for it stated terms.

68.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

69.     The allegations of Paragraph 69 contain legal conclusions to which no response is required; if a response is required, MMC denies the allegations.

70.     MMC denies the allegations of Paragraph 70.

71.     MMC denies the allegations of Paragraph 71.

72.     MMC denies the allegations of Paragraph 72.

73.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

74.     The allegations of Paragraph 74 contain legal conclusions to which no response is required; if a response is required, MMC denies the allegations.

75.     MMC denies the allegations of Paragraph 75.

76.     MMC denies the allegations of Paragraph 76.

77.     MMC denies the allegations of Paragraph 77.

78.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

79.     The allegations of Paragraph 79 contain legal conclusions to which no response is required; if a response is required, MMC denies the allegations.

80.     MMC denies the allegations of Paragraph 80.

81.     MMC denies the allegations of Paragraph 81.

82.     MMC denies the allegations of Paragraph 82.

83.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

84.     MMC denies the allegations of Paragraph 84.

85.     MMC denies the allegations of Paragraph 85.

86.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

87.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 87.

88.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 88.

89.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 89.

90.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 90.

91.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 91.

92.     MMC denies the allegations of Paragraph 92.

93.     MMC denies the allegations of Paragraph 93.

94.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

95.     MMC admits the allegations of the first sentence of Paragraph 95.  The allegations of the second sentence of Paragraph 95 are descriptive only and no response is required.

96.     MMC denies the allegations of Paragraph 96.

97.     MMC denies the allegations of Paragraph 97.

98.     MMC has insufficient knowledge to admit or deny the allegations of Paragraph 98.

99.     MMC denies the allegations of Paragraph 99.

100.     MMC incorporates its answers and averments contained in the paragraphs above as if fully set forth herein.

101.    MMC denies the allegations of the first sentence of Paragraph 101, except that it admits that Plaintiff participated in deferred compensation plans sponsored by MMC.

102.    MMC denies the allegations of Paragraph 102.

103.    MMC admits the allegations of the first sentence of Paragraph 103. MMC denies the allegations of the second sentence of Paragraph 103.

104.    MMC has insufficient knowledge to admit or deny the allegations of Paragraph 104.

105.    MMC denies the allegations of Paragraph 105.

FURTHER, MMC denies the allegations in the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE" (including subparagraphs A through C thereof) and denies that Plaintiff is entitled to any relief whatsoever. MMC therefore requests that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

Having stated its Counterclaims and answered the Complaint, MMC states its affirmative defenses as follows:

### First Affirmative Defense
(Failure To State A Claim)

1.    Each and every allegation and claim in the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
(Forfeiture Resulting From Plaintiff's Misconduct)

2.    Each and every allegation and claim in the Complaint is barred because Plaintiff was terminated for cause as a result of his misconduct and breaches of fiduciary duty, and balances in certain deferred compensation plans sponsored by MMC were forfeited in accordance with their terms.

### Third Affirmative Defense
(Defendant Met Its Obligations)

3.      Each and every allegation and claim in the Complaint is barred because

MMC discharged or satisfied all of its contractual or other obligations to Plaintiff, if any.

### Fourth Affirmative Defense
(Contradiction Of Written Terms)

4.      Each and every allegation and claim in the Complaint is barred because

Plaintiff seeks to contradict the express written terms of the deferred compensation plans

sponsored by MMC.

### Fifth Affirmative Defense
(ERISA Preemption)

5.      Plaintiff's state law claims as they relate to benefit plans governed by

ERISA are barred by ERISA's preemption provisions, 29 U.S.C. §§ 1132(a)(1)(B) and 1144(a).

### Sixth Affirmative Defense
(Good Faith)

6.      Each and every allegation and claim in the Complaint is barred because

MMC at all times acted in good faith.

### Seventh Affirmative Defense
(No Damages)

7.      Each and every allegation and claim in the Complaint is barred because

Plaintiff has not sustained any legally cognizable damages or injuries by virtue of any matter

alleged in the Complaint.

### Eighth Affirmative Defense
(Failure To Mitigate Damages)

8.      Each and every allegation and claim in the Complaint is barred because

Plaintiff has failed to act reasonably to mitigate damages, if any.

**Ninth Affirmative Defense**
(Exclusive Remedy)

9.       If Plaintiff has suffered any damages from breaches of the deferred

compensation plans sponsored by MMC, which is denied, then any such alleged damages

resulting are limited in whole or in part by the provisions of the deferred compensation plans

establishing an explicit and exclusive remedy for such breaches.

**Tenth Affirmative Defense**
(Failure To Exhaust Administrative Remedies)

10.       This action as it relates to benefit plans governed by ERISA is barred

because Plaintiff has failed to exhaust administrative remedies as required by ERISA § 503,

29 U.S.C. § 1133.

**Eleventh Affirmative Defense**
(Unclean Hands)

11.       Each and every allegation and claim in the Complaint is barred by the

doctrine of unclean hands.

**Twelfth Affirmative Defense**
(Estoppel)

12.       Each and every allegation and claim in the Complaint is barred by the

doctrine of estoppel.

**Thirteenth Affirmative Defense**
(Waiver)

13.       Each and every allegation and claim in the Complaint is barred by the

doctrine of waiver.

**Fourteenth Affirmative Defense**
(Ratification)

14.      Each and every allegation and claim in the Complaint is barred by the doctrine of ratification.

**Fifteenth Affirmative Defense**
(Release)

15.      Each and every allegation and claim in the Complaint is barred because Plaintiff has settled and released such claims.

**Sixteenth Affirmative Defense**
(Statute Of Frauds)

16.      Each and every allegation and claim in the Complaint is barred by the statute of frauds.

**Seventeenth Affirmative Defense**
(No Reasonable Reliance)

17.      Each and every allegation and claim in the Complaint is barred because Plaintiff could not have reasonably relied on any representation made by MMC.

**Eighteenth Affirmative Defense**
(Reservation Of Rights)

18.      MMC hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

**RELIEF REQUESTED**

WHEREFORE, MMC respectfully requests that this Court:

(a)      Grant MMC judgment on all of Plaintiff's claims and dismiss the

        Complaint with prejudice;

(b)     Award MMC its costs and attorneys' fees for the defense of this action;

and

(c)     Grant MMC such other further relief as the Court deems just and proper.

Dated:  August 10, 2011  
        Boston, Massachusetts

Respectfully submitted,

  /s/ James R. Carroll  
James R. Carroll (BBO #554426)  
Peter Simshauser (BBO #665153)  
Eben P. Colby (BBO #651456)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800  
Email: james.carroll@skadden.com

Counsel for Defendant/Counterclaim-  
Plaintiff Marsh & McLennan Companies, Inc.

## CERTIFICATE OF SERVICE

I, James R. Carroll, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 10, 2011.

Dated:  August 10, 2011

  /s/ James R. Carroll  
James R. Carroll