UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11082-RWZ

JUSTIN M. SCOTT

v.

PUTNAM, LLC d/b/a PUTNAM INVESTMENTS,
PUTNAM INVESTMENTS, INC.,
PUTNAM INVESTMENT MANAGEMENT, LLC,
MARSH & McLENNAN COMPANIES, INC.,
and JOHN DOE PLAN ADMINISTRATORS 1-12

*****************************

PUTNAM INVESTMENT MANAGEMENT, LLC,
PUTNAM U.S. HOLDINGS I, LLC,
and MARSH & McLENNAN COMPANIES, INC.

v.

JUSTIN M. SCOTT

ORDER

February 11, 2014

ZOBEL, D.J.

Plaintiff Justin M. Scott ("Scott") brought this action against his former employer, defendant Putnam Investment Management, LLC, and related entities following his termination. Scott claims that he was denied deferred compensation owed to him by agreement of the parties. Putnam and Putnam U.S. Holdings I, LLC[1] (together,

---

[1] Putnam U.S. Holdings I, LLC, is the legal successor to named defendants Putnam Investments, Inc., and Putnam, LLC.

"Putnam") and Marsh & McLennan Companies, Inc. ("MMC") filed counterclaims asserting that Scott, a former senior mutual fund portfolio manager, engaged in improper trading in breach of his fiduciary duties.  Putnam and MMC's allegations center around a number of trades Scott made in his account in Putnam mutual funds between 1997 and 2003.

In preparation for litigation, Scott and his attorneys created a "schedule" listing the contested trades, relevant news information, and Scott's recollections about the rationale behind them.  Scott reviewed the schedule prior to his deposition – begun on May 16 and 17, 2013, and continued on September 11, 2013 – during which he testified about the reasons for specific trades he made in the spring of 2000.  Putnam and MMC claim that Scott's memory was refreshed by the schedule and move pursuant to Fed. R. Civ. P. 37(e) and Fed. R. Evid. 612 to compel production of the document.  Scott denies that he used the schedule in a way that influenced his memory or testimony, and that, in any event, it is protected by attorney-client privilege and the work-product doctrine.

Rule 612 provides that "when a witness uses a writing to refresh memory . . . before testifying," "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence that any portion that relates to the witness's testimony," but only "if the court decides that justice requires the [adverse] party to have those options."  Fed. R. Evid. 612(a)-(b).  The rule is fully applicable to deposition testimony pursuant to Fed. R. Civ. P. 30(c).  "When a party reviews documents before testifying at a deposition for the

purpose of refreshing his or her memory and the Court finds that disclosure is 'necessary in the interests of justice,' any attorney-client privilege is waived, as are any protections afforded by [Fed. R. Civ. P.] 26(b)(3)." Derderian v. Polaroid Corp., 121 F.R.D. 13, 15 (D. Mass. 1988) (internal citations omitted).

Contrary to his assertions, it is apparent from Scott's deposition testimony that Scott used the schedule to refresh his memory prior to testifying. However, after consideration of the parties' submissions, I find that the interests of justice do not compel disclosure of the schedule to Putnam and MMC. The schedule, which was largely assembled by counsel with contributions from Scott, was prepared in anticipation of litigation and is work product protected from discovery by Fed. R. Civ. P. 26(b)(3).[2] The Putnam Entities and MMC argue that they need access to the schedule in order to test its completeness and Scott's memory and credibility. However, such issues can be sufficiently explored on cross-examination, and Putnam and MMC will have full scope at trial to question Scott about the reasons for his trading, the basis for his answers, and any discrepancies between those answers and his prior deposition testimony, not only in this case but before the Securities and Exchange Commission.

Putnam and MMC's motion to compel (Docket # 47) is DENIED.

    February 11, 2014                    /s/Rya W. Zobel
        DATE                                 RYA W. ZOBEL

---

[2] It is unclear whether the schedule embodies confidential communication to counsel for the purpose of securing legal advice and thus falls under the protection of attorney-client privilege.

UNITED STATES DISTRICT JUDGE